Randall S. Cavanaugh
KALAMARIDES & LAMBERT
711 H Street, Suite 450
Anchorage, AK 9951
P: (907) 276-2135
F: (907- 278-8514
E:  randall@kalamarides.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 3:02-cr-00041-HRH-4 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION TO MODIFY |
| JEANINE LANE, | ) | CONDITIONS OF SUPERVISION |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **FACTS**

Ms. Lane had a history of being around the wrong people and got into trouble in both state and federal court. Since she was released, she has follow her conditions. Currently she is employed as a personal care provider for her brother.  Ms. Lane has know Mr. Price for years.

## LAW

The issue at hand the is the intersection of Ms. Lane's constitutional right of association and the court's authority to supervise her and give her conditions to abide by.

Ms. Lane is currently under conditions of supervision. Ms. Lane must follow the conditions set forth in 5D1.3. In 5D1.3(c)(6)(policy statement) it states "the defendant shall not associate with any person convicted of a felony unless granted permission by the probation officer". The court, however, has the authority to allow Ms. Lane to have contact with Joseph Price under 5D1.3(b).

Ms. Lane believes the federal case law supports her in her wish to associate with Mr. Price under the right of association and privacy as both are guaranteed by the federal constitutions. The United States Supreme Court recognized a right to intimate association in <u>Roberts v. United States Jaycees</u>, 468 U.S. 609 (1984). In <u>Roberts</u>, the Supreme Court declared that the First Amendment protects "certain kinds of highly personal relationships...from unjustified interference by the State" <u>Roberts</u> at 618. Protected associations "are distinguished by such attributes as relative smallness, a high degree of selectivity in decisions to being and maintain affiliation, and seclusion from others in critical aspects of the relationship". <u>Roberts</u> at 620. The Supreme Court, through its various opinions, has recognized that there exists a continuum of human relationships potentially protected by the freedom of intimate association. Extremely close relationships,

such as family relationships and marriage, are generally afforded greater protection from government interference than merely social ones. Weiland v. City of Arnold, 100 F.Supp.2d 984, 987 (E.D. Missouri 2000); See, e.g., Bush v. Dassal-Cokato BD. Of Education, 745 F. Supp. 562, 569 (D. Minn. 1990)(student's desire to associate with peers at a party is not entitled to constitutional protection).

The Supreme Court has also discussed general zones of privacy which emanate from the first, third, fourth, fifth and ninth amendments to constitution. This is often viewed as the 'penumbra of privacy' Griswold v. Connecticut, 381 479, 483 (1965) The right of privacy extends to cases involving personal decisions about marriage and family relationships. Weiland at 988. Ms. Lane believes that her decision to be engaged and possibly marry Mr. Price is one that must given special consideration and latitude.

Finally, in Planned Parenthood of Southeastern Pa. V. Casey, 505 U.S. 833 (1992), the Supreme Court reaffirmed the substantive force of liberty protected by the Due Process Clause. The Casey decision confirmed that our laws and tradition afford constitutional protection to personal decisions relating to marriage and family relationships. The court noted "These matters, involving the most intimate and personal choices a person may make in a lifetime, choices central to personal dignity and autonomy, are central to the liberty protected by the Fourteenth Amendment." See Lawrence v. Texas 539 U.S. 558, 574 (2003) As noted in the close of the majority opinion

of Lawrence, "It is a promise of the Constitution that there is a realm of personal liberty which the government may not enter". Lawrence at 579. Ms. Lane believes her right to choose a finance, even if he is a felon on probation, must be respected by the court in light of the protections to be free from governmental interference as afforded by the United States constitution.

## ARGUMENT

It is likely that the probation officer is going to contest the granting of permission to marry between the two adults. Both have substance abuse issues and are on court supervision. However, Ms. Lane to associate with Mr. Price. Constitutionally, it is not the place for the Federal Probation Office to dictate whether or not Ms. Lane is making a right choice in the area of engagement and marriage. The future of Ms. Lane's and Mr. Price's marriage is one that should not be left to murky speculation, it is perhaps the not in the best interest of Ms. Lane, but it is her choice to make. If she is wrong, then she is the one to bear the price and consequences of her marital decision.

The two adults know they have issues and obligations to the court. They also know that should one or the other relapse, they will have to leave the residence or suffer the consequence of imprisonment. The two consenting adults also know it would take very little for either sovereign, state or federal, to separate the two of them for a technical violation or the committing of a new substantive offense. This a risk they should be

allowed to take. Ms. Lane should be allowed to have her conditions of supervision modified to allow her to have contact with Mr. Price.

## CONCLUSION

In light of federal case law concerning the right to marriage, this court must issue an order modifying Ms. Lane's conditions of supervision allowing her to have contact with Mr. Price.

DATED this _____ day of May, 2006, at Anchorage, Alaska.

                                                    KALAMARIDES & LAMBERT
                                                    Attorneys for Defendant

By:   /s/ Randall S. Cavanaugh
       Randall S. Cavanaugh, ABA #8812215
       KALAMARIDES & LAMBERT
       711 H Street, Suite 450
       Anchorage, AK 9951
       P: (907) 276-2135
       F: (907- 278-8514
       E: randall@kalamarides.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to App. R. 513.5, that the font used in the aforementioned documents was Times New Roman 13 point. I further certify that a true and correct copy of the foregoing was served via **electronic mail** this 3rd day of May, 2006, on:

Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513

   /s/ Randall S. Cavanaugh
   Kalamarides & Lambert