## UNITED STATES DISTRICT COURT
### District of Alaska

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JEANINE L. LANE. | **2nd AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Revocation of Probation or Supervised Release)<br>For Offenses Committed On or After November 1, 1987<br>(Original Judgment filed <u>10/25/02</u>)<br>Case Number: <u>3:02-cr-00041-04-HRH</u><br><u>RANDALL CAVANAUGH</u><br>Defendant's Attorney |

Defendant's probation officer filed a petition on <u>04/30/03</u> accusing defendant of <u>3</u> violations of the conditions of supervision provided in the original judgment. Defendant <u>denied allegations 1, 2, and 3 of the petition</u>. All necessary hearings have been conducted. The court finds that the following violations are proved:

| Accusation # | Condition # | Nature of Violation | Date | Grade |
|---|---|---|---|---|
| 1 | Mandatory | Commit another crime | 03/13/03 | A |
| 2 | Mandatory | Commit another crime | 03/14/03 | A |
| 3 | Mandatory | Commit another crime | 03/14/03 | A |

The court concludes that the conditions of supervision set forth in the court's original judgment are subject to revocation pursuant to 18 U.S.C. § 3583(e); and defendant is now sentenced as provided in pages 2 through <u>3</u> of this amended judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as amended.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

June 9, 2006
Date of Disposition Hearing

REDACTED SIGNATURE
Signature of Judicial Officer
H. RUSSEL HOLLAND, U.S. DISTRICT JUDGE
Name & Title of Judicial Officer

6/19/06
Date

AO245.REV

Defendant: JEANINE L. LANE                2ndAmended Judgment--Page 2 of 3
Case No.:   3:02-cr-00041-04-HRH

**IMPRISONMENT ON REVOCATION OF SUPERVISED RELEASE/PROBATION**

Defendant's probation having been revoked, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>16 months, to be served consecutively to the sentence in the State of Alaska case 3AN-S03-9319-CR</u>.

[X]  The court makes the following recommendations to the Bureau of Prisons: That the defendant be incarcerated at a federal corrections institution where she can receive a psychological evaluation, and treatment, and counseling. That the defendant be put in an institution where educational opportunities will be available. The court further recommends that if the above two considerations can be carried out at a federal correctional institution in the state of Washington the court recommends that it be done there, otherwise, the need for counseling and treatment, and education are the primary considerations in regards to placement.

[X]  The defendant is remanded to the custody of the United States Marshal.
[_]  The defendant shall surrender to the United States Marshal for this district,
                        a.m.
    [_] at _____ p.m. on _____.
[_]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    [_] before 2 p.m. on _____.
    [_] as notified by the United States Marshal.
    [_] as notified by the probation office.

**RETURN**

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                                    United States Marshal

                              By _____
                                        Deputy Marshal

AO245.REV

Defendant: JEANINE L. LANE  
Case No.:  3:02-cr-00041-04-HRH

2ndAmended Judgment--Page 3 of 3

**PROBATION/SUPERVISED RELEASE (MODIFIED)**

Defendant's supervised release is modified as follows:

1. The defendant shall cooperate in the collection of DNA as directed by her probation officer.  2. In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall participate in either or both inpatient or outpatient treatment programs approved by the United States Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol.  3. The defendant shall submit to the warrantless search of her person, residence, vehicle, or place of employment at a reasonable time in a reasonable manner, and based upon the reasonable suspicion of presence of contraband or evidence of a violation of a condition of supervised release.  Failure to submit to such searches may be grounds for revocation of supervise release.  The defendant shall not reside at any location without first advising other residents that the premises may be subject to searches pursuant to this condition.  4. The defendant shall participate in and fully comply with either or both inpatient or outpatient mental health treatment program approved by the United States Probation Office.  5. The defendant shall not possess a firearm, illegal controlled substance, destructive device, or other weapon during the term of supervised release.  6. The defendant shall provide her probation officer with access to any requested financial information and shall not incur new debts or apply for lines of credit without prior approval of her probation officer.  7. The court finds that there is a continuing risk to third-parties of potential fraud or theft from employers, customers, or charitable organizations for which the defendant might provide services.  Therefore, her access to either money or financial instruments of any such employer or other institution shall be limited by the following requirement, namely, that in protection of the public and any such employer or charitable organization, that any such organizations be informed of the prior conviction prior to undertaking any such employment or work with such organization.  Defendant shall notify any present or future employers, during the term of supervise release, of the underlying offense.  The probation officer shall verify that the information about this underlying offense has been made known to employers or charitable organizations.  **\*8.** The defendant may have telephonic and written communication with Joseph Price. Personal contact is not permitted.

Except as hereinabove provided, the standard conditions of supervision and any special conditions of supervision contained in the court's original judgment shall remain in effect.

AO245.REV