Randall S. Cavanaugh
**KALAMARIDES & LAMBERT**
711 H Street, Suite 450
Anchorage, AK 9951
P: (907) 276-2135
F: (907- 278-8514
E:  randall@kalamarides.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:02-cr-00041-HRH-4 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION TO MODIFY |
| JEANINE LANE, | ) | CONDITIONS OF SUPERVISION |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>FACTS</u>

Ms. Lane had a history of being around the wrong people and got into trouble in both state and federal court. Since she was released, she has generally followed her conditions. Currently she is employed as a personal care provider for her brother. Ms. Lane has known Mr. Price for years.  Mr. Price is now in custody facing a Class B felony for statutory rape: SOA v. Joseph Price, 3PA-06-01774 Cr.  The State of Alaska court view lists a single count lodged against Mr. Price.

Ms. Lane wants to be able to go to the correctional facility to see Mr. Price and attend his hearings (most likely in the company of Mr. Price's mother). I spoke to Federal Probation Officer Pentangelo on this matter on August 8, 2006 on this matter. He will not allow such contact without an order from the court and agreed the issue needs to be resolved one way or the other.

Ms. Lane and Mr. Price are currently allowed to have indirect contact per the last court order. Ms. Lane wants to have direct contact with Mr. Price so she can sort out the relationship and provide support to Mr. Price. It is the understanding of Ms. Lane that Mr. Price was deceived by a young lady as to her age and thus the charges arose. It is unknown as to the status of the charges and his treatment in Texas.

## LAW

The issue at hand the is the intersection of Ms. Lane's constitutional right of association and the court's authority to supervise her and give her conditions to abide by. Ms. Lane is currently under conditions of supervision. Ms. Lane must follow the conditions set forth in 5D1.3. In 5D1.3(c)(6)(policy statement) it states "the defendant shall not associate with any person convicted of a felony unless granted permission by the probation officer". The court, however, has the authority to allow Ms. Lane to have contact with Joseph Price under 5D1.3(b).

USA v. Jeanine Lane
Case No. 3:02-cr-00041-HRH-4
Page 2
F:\Cases\Lane-Jeanine\A02-041-06PTR.supervision.medication.memo#1.wpd

Ms. Lane believes the federal case law supports her in her wish to associate with Mr. Price under the right of association and privacy as both are guaranteed by the federal constitutions.  The United States Supreme Court recognized a right to intimate association in <u>Roberts v. United States Jaycees</u>, 468 U.S. 609 (1984).  In <u>Roberts</u>, the Supreme Court declared that the First Amendment protects "certain kinds of highly personal relationships...from unjustified interference by the State" <u>Roberts</u> at 618.  Protected associations "are distinguished by such attributes as relative smallness, a high degree of selectivity in decisions to being and maintain affiliation, and seclusion from others in critical aspects of the relationship". <u>Roberts</u> at 620.  The Supreme Court, through its various opinions, has recognized that there exists a continuum of human relationships potentially protected by the freedom of intimate association. Extremely close relationships, such as family relationships and marriage, are generally afforded greater protection from government interference than merely social ones.  <u>Weiland v. City of Arnold</u>, 100 F.Supp.2d 984, 987 (E.D. Missouri 2000); See, e.g., <u>Bush v. Dassal-Cokato BD. Of Education</u>, 745 F. Supp. 562, 569 (D. Minn. 1990)(student's desire to associate with peers at a party is not entitled to constitutional protection).

The Supreme Court has also discussed general zones of privacy which emanate from the first, third, fourth, fifth and ninth amendments to constitution. This is often viewed as the 'penumbra of privacy' <u>Griswold v. Connecticut</u>, 381 479, 483 (1965) The right of privacy extends to cases involving personal decisions about marriage and family

USA v. Jeanine Lane
Case No. 3:02-cr-00041-HRH-4
Page 3
F:\Cases\Lane-Jeanine\A02-041-06PTR-supervision-medication.memo01.wpd

relationships. <u>Weiland</u> at 988.  Ms. Lane believes that her decision to be engaged and possibly marry Mr. Price is one that must given special consideration and latitude.

Finally, in <u>Planned Parenthood of Southeastern Pa. V. Casey</u>, 505 U.S. 833 (1992), the Supreme Court reaffirmed the substantive force of liberty protected by the Due Process Clause.   The <u>Casey</u> decision confirmed that our laws and tradition afford constitutional protection to personal decisions relating to marriage and family relationships.  The court noted "These matters, involving the most intimate and personal choices a person may make in a lifetime, choices central to personal dignity and autonomy, are central to the liberty protected by the Fourteenth Amendment." See <u>Lawrence v. Texas</u> 539 U.S. 558, 574 (2003) As noted in the close of the majority opinion of <u>Lawrence</u>,  "It is a promise of the Constitution that there is a realm of personal liberty which the government may not enter". <u>Lawrence</u> at  579.  Ms. Lane believes her right to choose to associate with a romance connection, even if he is a felon on probation, must be respected by the court in light of the protections to be free from governmental interference as afforded by the United States constitution.

## <u>ARGUMENT</u>

It is likely that the probation officer is going to contest the granting of permission to marry between the two adults.  Both have substance abuse issues and are on court supervision.  However, Ms. Lane wants to associate with Mr. Price.  Constitutionally, it is not the place for the Federal Probation Office to dictate whether or not Ms. Lane is

making a right choice in the area of relationships, engagement and marriage.  The future

of Ms. Lane's and Mr. Price's relationship is one that should not be left to murky

speculation, it is perhaps the not in the best interest of Ms. Lane, but it is her choice to

make.  If she is wrong, then she is the one to bear the price and consequences of her

marital decision.

The two adults know they have issues and obligations to the court.  Ms. Lane

should be allowed to have her conditions of supervision  modified to allow her to have

contact with Mr. Price while incarcerated and to allow her to attend his court hearings.

## CONCLUSION

In light of federal case law concerning the right to association, this court should

issue an order modifying Ms. Lane's conditions of supervision allowing her to visit with

Mr. Price at the correctional facility and to see him in court.

DATED this 9th day of August, 2006, at Anchorage, Alaska.

KALAMARIDES & LAMBERT
Attorneys for Defendant

By:     /s/ Randall S. Cavanaugh
Randall S. Cavanaugh, ABA #8812215
KALAMARIDES & LAMBERT
711 H Street, Suite 450
Anchorage, AK 9951
P: (907) 276-2135
F: (907- 278-8514
E: randall@kalamarides.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to App. R. 513.5, that the font used in the aforementioned documents was Times New Roman 13 point.  I further certify that a true and correct copy of the foregoing was served via **electronic mail** this 9th day of August, 2006, on:

Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513


      /s/ Randall S. Cavanaugh
       Kalamarides & Lambert

USA v. Jeanine Lane
Case No. 3:02-cr-00041-HRH-4
Page 6
F:\Cases\Lane-Jeanine\A02-041-06PTR supervision medication memo#3.wpd