# United States District Court
## for the
# District of Alaska

### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Jeanine Lane                                    Case Number: 02CR0041

Sentencing Judicial Officer:        H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:          October 25, 2002

Date of Revocation Sentence:        September 25, 2003

Original Offense:                   Conspiracy, 18 USC 371

Revocation :                        New Criminal Conduct; Crack Distribution

Original Sentence:                  3 years probation and special conditions

Revocation Sentence:                16 months custody and 3 years supervised release; special conditions

Date Supervision Commenced:         October 25, 2002

Date Supervision Re-
Commenced After Revocation:         July 4, 2005

Asst. U.S. Attorney: Crandon Randell              Defense Attorney: Randall Cavanaugh

---

## PETITIONING THE COURT

[ ]   To issue a warrant
[X]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant used marijuana which was subsequently discovered after she submitted a urine specimen on July 21, 2006 which returned positive for marijuana. This violation is a Grade C violation. |
| 2 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant used cocaine which was subsequently discovered after she submitted a urine specimen on September 7, 2006 which returned positive for cocaine. This violation is a Grade C violation. |

| | |
|---|---|
| 3 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant used cocaine on September 16, 2006 as per verbal and written admission. This violation is a Grade C violation. |
| 4 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant used marijuana which was subsequently discovered after she submitted a urine specimen on June 28, 2007 which returned positive for marijuana. This violation is a Grade C violation. |
| 5 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant used marijuana which was subsequently discovered after she submitted a urine specimen on July 3, 2007 which returned positive for marijuana. This violation is a Grade C violation. |
| 6 | The defendant has violated the Standard Condition of Supervision "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission," in that the defendant is personally/physically associating with Joseph Price, a convicted felon, despite the Court's direct order expressly prohibiting personal contact. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

REDACTED SIGNATURE

Michael Pentangelo
Senior U.S. Probation Officer
Date: July 10, 2007

*Petition for Warrant or Summons*
*Name of Offender     :     Jeanine Lane*
*Case Number          :     02CR0041*

Approved by:

REDACTED SIGNATURE
_____
Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[ ]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.*  The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:

REDACTED SIGNATURE
_____
H. Russel Holland
Senior U.S. District Court Judge

7/11/07
_____
Date


**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: 02CR0041 |
| ) | |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| Jeanine Lane ) | |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Jeanine Lane, and in that capacity declare as follows:

The defendant was sentenced by the Honorable H. Russel Holland on October 25, 2002 to 3 years probation with special conditions of supervision subsequent to a conviction for Conspiracy, in violation of 18 USC 371.

The defendant commenced supervision on October 25, 2002.

The defendant was sentenced on September 25, 2003 to 16 months custody and 3 years supervised release with special conditions consecutive to that of the sentence received in Alaska District Court under case number3AN-S03-9319-CR. This sentence followed a violation of probation involving the sale of crack cocaine.

The defendant re-commenced supervision on July 4, 2005.

On April 29, 2006, the defendant's conditions of supervision were modified to include a prohibition on alcohol consumption subsequent to sustaining police contact which resulted from a domestic disturbance involving her boyfriend, Joseph A. Price, whom was convicted of felony Assault in Texas and at the time, was on supervision with the State of Alaska. Although association with Mr. Price had been previously granted by the probation officer, this privilege was rescinded based on this incident, allegations of domestic violence within the relationship, and new legal issues experienced by Mr. Price, to include allegations of sexual assault on another individual.

On June 9, 2006, the defendant appeared before Judge Holland to address her motion for permission to association with Joseph Price. Judge Holland granted the defendant permission to contact Mr. Price, who at the time was incarcerated, by telephone and written letter. Judge Holland expressly denied personal contact. A second motion requesting permission to

associate with Mr. Price in August 2006 was later rendered moot by the Court as it was determined that the defendant had otherwise ceased contact with Mr. Price and was no longer seeking permission to associate with him.

On July 18, 2006, the defendant contacted the probation officer telephonically and verbally admitted to using marijuana the evening prior. The defendant later submitted to urinalysis testing on July 21, 2006 which returned positive for marijuana.

The defendant submitted to urinalysis testing on September 7, 2006 which tested positive for cocaine.

The defendant used cocaine on September 16, 2007 and admitted so verbally and via written acknowledgment.

The defendant was enrolled in outpatient substance abuse treatment at Alaska Family Services in September 2006.

The defendant was discharged from Alaska Family Services in January 2007. She was not progressing in treatment and felt that Alaska Family Services was not the appropriate agency for her. As such, she was afforded a final opportunity to seek treatment elsewhere, to be subsidized by herself. The defendant was enrolled in Accents, an outpatient substance abuse treatment program. She remains enrolled in this program to date.

The defendant submitted to urinalysis testing on June 28, 2007 which proved positive for marijuana. The defendant verbally admitted to using marijuana which resulted in this positive urinalysis.

The defendant submitted to urinalysis testing on July 3, 2007 which proved positive for marijuana.

On July 6, 2007, the probation officer received information that the defendant was engaged to Joseph A. Price.

On July 9, 2007, the probation officer telephonically contacted the defendant. During the course of the conversation, the defendant inquired about whether she could move in with a friend, Jeanette Price. Jeanette Price is related to Joseph A. Price. The probation officer inquired about the whereabouts of Joseph Price and the defendant stated that she is unsure. After further discussion and further attempts at deception, the defendant relented and admitted that she has been physically contacting Mr. Price and that they were engaged to be married. The defendant acknowledged that the Court has expressly prohibited direct physical contact with Joseph Price other then written/telephonic communication and admitted that she has resumed physical contact with Mr. Price in defiance of the Court's order.

Executed this 10th day of July, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE
---
Michael Pentangelo
Senior U.S. Probation Officer